■ In the Matter of the Arbitration between JAMES McGUANE, Respondent, and MOTOR VEHICLE ACCIDENT. INDEMNIFICATION CORPORATION, Appellant.— Order unanimously reversed, without costs, and matter remitted to Erie County Supreme Court for further proceedings in accordance with the following memorandum: In this appeal from a denial of respondent-appellant's application to vacate petitioner-respondent's demand for arbitration, MVAIC asserts, among other claims, that it has a right to a preliminary jury trial on the issues of coverage. Petitioner contends that it has a right to arbitrate its claim which accrued under the disclaimer provision or under the hit-and-run provision of the MVAIC endorsement. The right to a trial under the circumstances of the instant case has been recognized in several recent decisions. The unilateral declaration of noncoverage by the insurer of the vehicle which struck petitioner's automobile "does not *ipso facto* and without judicial investigation satisfy the requirement of the MVAIC endorsement that for MVAIC coverage the alleged tort-feasor must have been uninsured at the time of the alleged accident. We construe subdivision 2-a of section 167 and subdivision (2) of section 600 of the Insurance Law as giving MVAIC an opportunity to litigate before a court, rather than before an arbitrator". (*Matter of MVAIC [Malone]*, 16 N Y 2d 1027, 1029; also, see, *Matter of Carlos [MVAIC]*, 17 N Y 2d 614; *Matter of Rosenbaum [Amer. Sur. Co., N. Y.]*, 11 N Y 2d 310; *Matter of Porteck [MVAIC]*, 19 A D 2d 802.) The motion for a jury trial of the issues of fact should be granted and arbitration should be stayed pending determination of such issues. (Appeal from order of Erie Special Term denying motion to vacate demand for arbitration.) Present — Bastow, J. P., Goldman, Del Vecchio, Marsh and Witmer, JJ.

■ GUY CONSTRUCTION, INC., Respondent, v. JOSEPH ENTRESS, Appellant.— Order insofar as appealed from unanimously modified by striking the last paragraph thereof and as so modified affirmed, without costs. Memorandum: Defendant appeals from an order of Monroe Special Term which denied his motion to dismiss plaintiff's complaint and in its last paragraph ordered him to serve an answer in conformity with the provisions of CPLR 3016 (subd. [f]). The complaint states a cause of action for goods sold and delivered and labor and services performed under a contract which plaintiff was not permitted to complete. Attached to the complaint are schedules purporting to set forth the items of plaintiff's claims and the respective reasonable values thereof in attempted but insufficient compliance with CPLR 3016 (subd. [f]). Instead of pleading items of the account plaintiff specified "material ordered", "additional estimated balance due", "ditch relocation work", "grading work — amount unknown," and "other items of damage — amounts unknown". Having failed to comply with CPLR 3016 (subd. [f]) plaintiff cannot invoke its provision to require defendant to do so. (*Brozyna* v. *Andreski*, 6 A D 2d 601; *Royal Ind. Co.* v. *Hill*, 281 App. Div. 1001.) (Appeal from certain parts of an order of Monroe Special Term denying motion to dismiss complaint or to separately state and number.) Present — Goldman, J. P., Del Vecchio, Marsh, Witmer and Henry, JJ.